IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs January 19, 2001

## JOSEPH HOUGH v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 20000437   Michael S. Lacy, Judge**

## FILED FEBRUARY 28, 2001

## No. E2000-01621-COA-R12-CV

Joseph Hough sues the State of Tennessee seeking damages for conversion of his personal property by law enforcement officers employed by Greene County. On motion of the State, the Trial Court dismissed the case on two grounds. First, that a timely response was not made to the motion to dismiss, and second, it is alleged that officers of Greene County, not the State of Tennessee, converted his property. We affirm.

**Tenn.R.App.P. 12 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., joined.

Joseph Hough, Claimant, Nashville, Tennessee, *Pro Se*

Paul G. Summers, Attorney General & Reporter, and Abigail Turner, Assistant Attorney General, Nashville, Tennessee, for Respondent, State of Tennessee

## OPINION

In this suit, Joseph Hough, an inmate of the State of Tennessee, filed a claim with the Claims Commission seeking damages for conversion of certain of his personal property which was seized by Greene County law enforcement officials. The claim was filed on September 10, 1999, and on December 8 transferred from the Division of Claims Administration to the Claims Commission pursuant to T.C.A. 9-8-402(c).

A motion to dismiss was filed by the Attorney General's office alleging "lack of jurisdiction and failure to state a claim upon which relief can be granted."

Although no response was made to the motion to dismiss, apparently because Mr. Hough thought that transfer to the Claims Commission was a denial of his claim, he filed what he denominated "Notice of Appeal from Denial of Claim by the Division of Claims Administration."

On February 23, 2000, the Claims Commissioner granted the motion to dismiss on two grounds. First, on the ground that Tennessee Claims Commission Rule Number 0310-1-1-.01(5)(c) provides that failure to make a timely response to a motion constitutes a waiver of any objection thereto, and second, on the ground that the Commission had no jurisdiction as the allegations were that the property was seized by Greene County law enforcement officials.

Whereupon, Mr. Hough filed what he denominates a "Motion for New Trial and Amendment of Judgment and for Order Remitting Act to be Done after Expiration of Specified Time." This motion contends that the Plaintiff is "a mental patient at Lois Dewberry Special Needs Facility," is taking antidepressant medicine, and the time for him to respond to the motion to dismiss should be enlarged.

On June 9 the Trial Court denied the foregoing motion and reiterated as reasons therefor those set out in his original order of dismissal.

Under the circumstances of this case, we find no fault in Mr. Hough's failure to respond to the State's motion; however, our review of the record persuades us that, because the claim is against employees of Greene County and not of the State of Tennessee, the Claims Commission has no jurisdiction of this action. We further find that this is an appropriate case for affirmance under Rule 10(a) of this Court.

The judgment of the Claims Commissioner is accordingly affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Hough.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-2-